UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF NEW YORK MELLON CORPORATION, AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2004-4,<br><br>              Plaintiff,<br>    v.<br><br>ANTHONY COLEMAN, and DOE OCCUPENTS, I through X inclusive,<br><br>              Defendants. | Case No. 2:12-cv-01198-MMD-VCF<br><br>ORDER |

Before the Court are Plaintiff Bank of Melon New York's Motion to Remand and Motion for Attorneys' Fees. (Dkt. nos. 5 & 7). For the reasons discussed below, the Motion to Remand is granted.

**I.    BACKGROUND**

Plaintiff initiated legal action in Justice Court, North Las Vegas Township in Clark County, Nevada to evict Defendant Anthony Coleman and to seek damages in the form of unpaid rent not to exceed $1,000.00. The Complaint alleges that Defendant is a Nevada resident. Defendant does not dispute that he is a Nevada resident. Defendant appears to remove based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 although he appears to argue that diversity jurisdiction exists in response to Plaintiff's Motion to Remand.

Plaintiff timely moved to remand, contending that the Court lacks federal question jurisdiction. Plaintiff also argues that the Court lacks diversity jurisdiction and a forum

Defendant cannot seek to remove even if diversity jurisdiction requirements were satisfied.

## II. DISCUSSION

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). If removal was improper and the federal court lacks jurisdiction, the federal court must remand the case to state court. 28 U.S.C. § 1447(c).

A district court analyzes jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, the Complaint alleges a single claim for unlawful detainer. The Complaint does not raise any federal question. Accordingly, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.

Even though Defendant did not remove based on diversity jurisdiction, the Court agrees with Plaintiff that the amount in controversy is not satisfied because the Complaint seeks damages not to exceed $1,000.00. *See* 28 U.S.C. § 1332(a) (amount in controversy must exceed $75,000.00). Moreover, even if the amount in controversy was satisfied, removal would nevertheless be improper. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C § 1441(b). Because Coleman is a citizen of Nevada, and the lawsuit was filed in Nevada, the action cannot be removed based solely on diversity jurisdiction.

///

This case was improperly removed. The Court will therefore grant Plaintiff's Motion to Remand. However, in light of Coleman's pro se status, the Court denies Plaintiff's Motion for Attorneys' Fees.

**III.     CONCLUSION**

IT IS ORDERED that Plaintiff's Motion to Remand (dkt. no. 5) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorneys' Fees (dkt. no. 7) is DENIED.

The Clerk is directed to close this case.

DATED THIS 10th day of October 2012.

_____
UNITED STATES DISTRICT JUDGE